# Karlinsey *v*. Watson Company, Appellant.

*Negligence—Master and servant—Variance—Work done under order of foreman.*

In an action by an employee against his employer to recover damages for personal injuries, the statement charged that the defendant through its servants, foremen, agents or employees negligently threw a heavy door through an open hatchway to the place where the plaintiff was working, injuring him. From the evidence it appeared that on the floor immediately above where the plaintiff was employed there was a quantity of debris, including the door which debris the foreman in charge directed an employee to remove, which the employee did by throwing the material down the hatchway. It was evident from the testimony of the foreman that the employee had not disregarded the instructions of the foreman in removing the material, but that on the contrary the foreman anticipated that the hatchway would be used for the purpose of removing the material. *Held,* that there was no variance between the statement and the negligence shown that the case was for the jury and a recovery for the plaintiff was sustained.

Argued April 27, 1915.    Appeal, No. 182, January T., 1915, by defendant, from judgment of C. P. Erie Co., September T., 1914, No. 4, on verdict for plaintiff in case of Jay Karlinsey v. H. F. Watson Company. Before MESTREZAT, ELKIN, STEWART, MOSCHZISKER and FRAZER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before BENSON, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $5,918 and judgment thereon. Defendant appealed.

*Errors assigned* were in refusing to direct a verdict for defendant, and in refusing defendant's motion for judgment non obstante veredicto and for a new trial.

*U. P. Rossiter,* of *Rossiter, Thompson & Rossiter,* for appellant.

*R. T. Marsh,* of *Marsh & Eaton,* with him *Miles B. Kitts,* for appellee.

OPINION BY MR. JUSTICE STEWART, July 3, 1915:

There is no variance between the negligence charged in the plaintiff's statement and the evidence received in support. The former charged that the defendant "through its servants, foremen, agents or employees, or one of them, without notice or warning to the plaintiff, carelessly, recklessly and negligently cast or threw a ponderous and heavy grain door, such as are used in doorways of box cars, down through an open hatchway from the second floor above to the first floor below where the plaintiff was in the careful and lawful discharge of his duties......striking the plaintiff on the head." The evidence was all in direct affirmance of this statement of facts. It showed that on the floor immediately above where the plaintiff was employed, the defendant had been making repairs or improvements to its plant, using bricks and mortar in connection therewith; that the work having been completed the foreman then in charge directed an employee to remove the unused material or, as the foreman himself related it, "to clean up the floor and take the stuff down"; and it was while the employee was so engaged, the plaintiff who was on the floor immediately below, was struck on the head by the door which had been used as a mortar board on the floor above, and which had been precipitated through an

open hatchway or manhole. The negligence charged was not so much the using the manhole for the purpose of removing the material as in using it for this purpose in a reckless manner without regard to the safety of those beneath on the first floor. It is contended on behalf of the defendant that the evidence at best was insufficient to establish negligence, in that it did not connect anybody with the falling of the door, and shows no specific act of negligence on the part of defendant. What the evidence does show is this: the foreman of the defendant company was on the second floor, alone with an employee, an Italian laborer, who was accustomed to do the work of cleaning up the floor at the direction of this foreman; this door or mortarboard was there and it was included in the material that was to be removed; the order given by the foreman to the Italian was "to take the stuff down"; there were several ways of taking it down, one by an elevator at the other end of the plant which was used in removing the brick, and one by throwing it down the hatchway; the foreman gave no directions as to which the Italian was to adopt, for the reason, as he himself says "he (the Italian) always threw it down the hole"; the foreman having given his orders withdrew leaving the Italian to do the work. It is not pretended that the Italian fellow-servant disregarded in any way the instructions of the foreman; on the contrary, it is evident from the testimony of the foreman that the latter anticipated that the Italian would use the hatchway for the purpose of removing the mortarboard. Was it negligence to use the hatchway for such purpose under the conditions there present without signal or warning to those below? The jury very properly found that it was. Then whose was the negligence? Was it that of the fellow-servant, or of the foreman, or was it the negligence of both? If that of a fellow-servant, it was as well the negligence of the foreman, if, in committing the act the fellow-servant was acting, not contrary to any instruction or order of the foreman, but

according to a method he had previously adopted with the implied assent of the foreman, "to take the stuff down," without restriction or caution as to method, and with full knowledge of the fact that the servant to whom he had given the order was accustomed to use the hatchway for such purpose. Certainly if the foreman had known in advance that the servant would use the hatchway for this purpose, failure to direct caution by signal or otherwise would have been negligence on his part. He had every reason to believe such use probable, and it was his duty, as vice-principal, to guard against the danger incident to such use. The circumstances attending the accident, disclosed by the evidence, were such as to exclude every theory as to the cause that produced it except that adopted by the jury. We find no merit in any of the assignments. They are overruled and the judgment is affirmed.